IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AYESHA AKBAR,                           : | |
|                                         : | |
|     Plaintiff,                          : | CIVIL ACTION FILE NO. |
|                                         : | 1:17-cv-04486-TWT-AJB |
| v.                                      : | |
|                                         : | |
| COMMISSIONER, SOCIAL                    : | |
| SECURITY ADMINISTRATION,                : | |
|                                         : | |
|     Defendant.                          : | |

**UNITED STATES MAGISTRATE JUDGE'S
<u>FINAL REPORT AND RECOMMENDATION</u>**

This matter is presently before the Court a motion for an award of backpay and Title II benefits, [Doc. 2], filed by Plaintiff Ayesha Akbar, and a motion to dismiss the complaint for failure to state a claim, [Doc. 11], filed by the defendant Commissioner of the Social Security Administration. For the reasons set forth herein, the undersigned **RECOMMENDS** that the motion for an award of backpay and Title II benefits, [Doc. 2], be **DENIED** and that the motion to dismiss the complaint for failure to state a claim, [Doc. 11], be **GRANTED**.

AO 72A
(Rev.8/82)

## I.     *Motion for an Award of Backpay and Title II Benefits*

Plaintiff, who is proceeding pro se, seeks an award of Social Security disability benefits that she argues the Commissioner has wrongfully failed to pay.[1] [*See generally* Doc. 2].  The motion is due to be denied as premature.

The United States is immune from suit except when Congress waives its sovereign immunity.  *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981); *Jackson v. Astrue*, 506 F.3d 1349, 1352-53 (11th Cir. 2007).  Congress waived the United States's immunity from suits over Social Security disability benefits in 42 U.S.C. § 405(g) by conferring jurisdiction upon federal courts to review and modify or reverse final decisions made by the Commissioner of Social Security.  *See Huie v. Bowen*, 788 F.2d 698, 705 (11th Cir. 1986).  The subsequent provision further states, "No

---

[1] Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, provides for federal disability benefits ("DIB").  Title XVI of the Social Security Act, 42 U.S.C. § 1381 *et seq.* provides for supplemental security income benefits for the disabled ("SSI").  The relevant law and regulations governing the determination of disability under a claim for DIB are nearly identical to those governing the determination under a claim for SSI.  *Davis v. Heckler*, 759 F.2d 432, 435 n. 1 (5th Cir. 1985).  Although different statutes and regulations apply to each type of claim, in general, the legal standards to be applied are the same regardless of whether a claimant seeks DIB, to establish a "period of disability," or to recover SSI, which is not tied to the attainment of a particular period of insurance disability.  *Id.*; *Baxter v. Schweiker*, 538 F. Supp. 343, 350 (N.D. Ga. 1982).  Therefore, to the extent that the Court cites to DIB or SSI cases, statutes, or regulations, they are equally applicable, whether Plaintiff claims entitlement to either DIB or SSI benefits.

2

AO 72A
(Rev.8/82)

findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided.  No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter." *See* 42 U.S.C. § 405(h); *see also Weinberger v. Salfi*, 422 U.S. 749, 756-57 (1975).  As a result, Plaintiff's claims may be brought only as a review of the administrative record, pursuant 42 U.S.C. § 405(g). *See Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 8-9 (2000); *Jackson*, 506 F.3d at 1353.

Here, Defendant has yet to file an answer to the complaint or file a certified copy of the administrative record. (*See* Dkt.).  It is therefore impossible for the Court, at this point in time, to review the administrative record for any error Plaintiff may allege. Accordingly, the undersigned finds that Plaintiff's motion for an award of benefits is premature.

The undersigned therefore **RECOMMENDS** that the District Judge **DENY** Plaintiff's motion for an award of backpay and Title II benefits, [Doc. 2], **WITHOUT PREJUDICE**.  Should the District Judge determine that the motion to dismiss should be denied and that the case may proceed, the Commissioner will then be required to file

3

an answer and the administrative transcript, and the Court will subsequently enter a scheduling order directing Plaintiff to file a brief asserting her allegations of error.

## II.     *Motion to Dismiss*

The Social Security Act provides that a claimant seeking review of a final decision of the Commissioner must file a civil action "within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g). The Commissioner interprets "mailing" as the date the claimant receives notice of the adverse administrative decision, 20 C.F.R. § 404.981, and presumes that the notice is received five days after the date the notice is issued, 20 C.F.R. § 422.210(c). Thus, a complaint is timely if it is filed within sixty-five days of the date on the notice of adverse decision.

The sixty-day period is a period of limitation, which may be tolled by the courts in rare cases "where the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate.' " *Bowen v. City of New York*, 476 U.S. 467, 480 (1986) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 330 (1976)); *see also Bost v. Fed. Express Corp.*, 372 F.3d 1233, 1242 (11th Cir. 2004) ("Equitable tolling is an extraordinary remedy which should be extended only sparingly.") (punctuation omitted).

In the Eleventh Circuit, "a claimant must justify her untimely filing by a showing of extraordinary circumstances." *Jackson v. Astrue*, 506 F.3d 1349, 1353 (11th Cir. 2007). This standard may be met where, despite the plaintiff's diligence, "the defendant misleads the plaintiff, allowing the statutory period to lapse; or when the plaintiff has no reasonable way of discovering the wrong perpetrated against her." *Id.* (internal quotations marks omitted). Courts in this Circuit have also recognized that "equitable tolling may be warranted in the social security context when a plaintiff can demonstrate that a mental impairment hindered [her] ability to seek judicial review," *Cochran v. Astrue*, No. 8:09-cv-160-T-33TBM, 2011 WL 899365, at *5 (M.D. Fla. Feb. 24, 2011) (citing *Elchediak v. Heckler*, 750 F.2d 892, 894 (11th Cir. 1985)), and that equitable tolling may apply where a plaintiff timely files a defective pleading in the proper federal district court and the court treats it as effective until expiration of the limitations period, *Jackson*, 506 F.3d at 1357. Garden-variety negligence is not a basis for equitable tolling, however, *Bryant v. U.S. Dep't of Agriculture*, 967 F.2d 501, 504 (11th Cir. 1992), nor does ignorance of the law, standing alone, satisfy the "extraordinary circumstances" test, *Jackson*, 506 F.3d at 1356.

The Commissioner contends that Plaintiff's complaint should be dismissed because it was not timely filed and no circumstances in this case justify equitable

5

tolling of the sixty-day requirement. [*See generally* Doc. 11]. She points out that on September 30, 2016, this Court remanded Plaintiff's claim for DIB and SSI to the Commissioner for further administrative proceedings in *Akbar v. Berryhill*, Civ. Action No. 1:15-CV-00329-AJB (N.D. Ga.) (hereinafter, "*Akbar I*"), ECF No. 13. On March 17, 2017, an Administrative Law Judge ("ALJ") issued a decision denying Plaintiff's claims for DIB and SSI as to the period of October 22, 2007, through November 27, 2012; the Commissioner mailed a copy of the adverse decision to Plaintiff; and Plaintiff timely filed exceptions. [Doc. 11 at 2; Doc. 11-1 at 3]. On July 8, 2017, the Appeals Council denied Plaintiff's exceptions and sent a notice to Plaintiff, thereby rendering the ALJ's decision the final decision of the Commissioner; making July 13, 2017, the presumed date of receipt of the notice; and setting September 11, 2017, as the deadline by which Plaintiff was required to file her complaint in federal court. [Doc. 11 at 2-3, 5; Doc. 11-1 at 3, 36]. The Commissioner contends that the Appeals Council notice "advised Plaintiff of her right to commence a civil action within sixty (60) days from the date of receipt," [Doc. 11 at 2], yet Plaintiff did not initiate this case until November 8, 2017, nearly two months after the statute of limitations had run, [Doc. 11 at 2-3, 5; Doc. 11-1 at 3; *see also* Doc. 1].

6

Plaintiff's pro se response is not entirely clear, and she does not dispute that she was late in filing the present lawsuit. [*See generally* Doc. 12]. She does appear to argue, however, that she received misleading information from her attorney and representatives of the Commissioner; that she therefore mistakenly attempted to pursue her claims by filing motions in *Akbar I*; and that the Court should consider *Akbar I* in considering whether her late filing should be excused. [*Id.*].

In reply, the Commissioner argues that Plaintiff did not respond to the merits of the Commissioner's motion and that Plaintiff relies instead on a mistaken interpretation of the Court's remand order, and the Commissioner therefore relies on the arguments set forth in the opening brief. [*See generally* Doc. 13].

Having carefully reviewed the arguments and the record, both in this case and in *Akbar I*, the Court finds that this case comes closer than most to presenting "extraordinary circumstances." First, review of the Appeals Council notice reveals that the Commissioner added a gloss to the contents of the letter allegedly advising Plaintiff that she had a limited period of time to "commence a civil action" in District Court following receipt of the adverse Appeals Council decision: while the letter did advise, "You have 60 days to file a civil action," it then may have muddied the waters by defining "file a civil action" as "ask for court review." [Doc. 11-1 at 37]. Arguably,

7

Plaintiff did just that (asked for court review), when on July 26, 2017, she filed a pro se Motion for Claimants Title II Insurance Benefits in *Akbar I*. *Akbar I*, ECF No. 19. Plaintiff also showed diligence when she not only filed her Motion for Claimants Title II Insurance Benefits on July 26, 2017, *Akbar I*, ECF No. 19, but also followed up with three motions to enforce the Clerk's judgment, *id.*, ECF Nos. 22 (Sept. 13, 2017), 23 (Sept. 19, 2017), 24 (Sept. 20, 2017); filed a notice of filing additional evidence, *id.*, ECF No. 26 (Oct. 23, 2017); and after receiving express notice from this Court in *Akbar I* that she would need to pursue her claims by filing a new lawsuit, *id.*, ECF No. 26 (Oct. 23, 2017), she initiated this lawsuit on November 8, 2017, just over two weeks later, [Doc. 1]. Moreover, mental health—post-traumatic stress disorder ("PTSD"), bipolar disorder, and history of mood disorder—appear to be at the core of Plaintiff's disability claim, [Doc. 11-1 at 12], and the Commissioner did find Plaintiff disabled as of November 28, 2012, the amended onset date, [*id.* at 8].

Be that as it may, the undersigned does not find that equitable tolling is appropriate. While Plaintiff has demonstrated an unusual amount of diligence, particularly for a pro se plaintiff, she has not shown that extraordinary circumstances stood in the way of her timely filing a new civil action for review of the

8

Commissioner's final decision.  First, it was the Court's own review of the Appeals Council's notice of adverse decision—not Plaintiff's proffer—that revealed language that arguably could have prompted Plaintiff to mistakenly believe that she could appeal the Appeals Council's decision simply by filing a motion for court review in her original case.  [*See* Doc. 11-1 at 37 ("You have sixty days to file a civil action (ask for court review).")].  In fact, Plaintiff never states that she was misled by the language.  [*See generally* Doc. 12].  Second, despite the potentially misleading nature of the line equating the filing of a civil action with "asking for court review," the Appeals Council's notice of adverse decision also included specific language clarifying the next steps Plaintiff was required to take in order to challenge the final decision of the Commissioner:

> **If You Disagree with the Administrative Law Judge's Decision**
>
> The court order that sent this case back to the Commissioner ended the court's review of the earlier decision.  If you want the Federal district court to review the Commissioner's final decision after remand by the court, you must file a *new* civil action.
>
> If you do not ask for court review, the Commissioner's decision will be a final decision that can be changed only under special rules.

> **How to File a Civil Action**
>
> You may file a civil action (ask for court review) *by filing a complaint* in the United States District Court for the judicial district in which you live. The complaint should name the Commissioner of Social Security as the defendant and should include the Social Security numbers shown at the top of this letter.  You or your representative must deliver copies of your complaint and of the summons issued by the court to the U.S. Attorney for the judicial district where you file your complaint, as provided in Rule 4(i) of the Federal Rules of Civil Procedure.

[Doc. 11-1 at 37 (further providing service instruction)].  Plaintiff, however, did not follow those steps by filing a *complaint* or a *new* civil action, but instead, she filed a *motion* on the docket of the *previous* lawsuit. *Compare* Doc. 11-1 at 37 *with Akbar I*, ECF No. 19.  Plaintiff also has not shown that she made any attempt to deliver copies of her filings to the U.S. Attorney, as the Appeals Council notice directed.  *Compare* [Doc. 11-1 at 37] *with Akbar I*, *generally*.  Thus, Plaintiff has not shown that she diligently followed the directions that were supplied to her.[2]  Third, while it could be inferred from the ALJ decision that the Commissioner filed in conjunction with its motion to dismiss, [Doc. 11-1 at 8], that the Commissioner's determination that

---

[2] Additionally, to the extent that Plaintiff seeks to argue in her response brief that she was misled by her attorney and representatives of the Commissioner, it is not clear exactly what she was allegedly told, when she received the alleged misinformation, or why it would have led her to disregard the express written instruction provided by the Commissioner. [*Compare* Doc. 12 *with* Doc. 11-1 at 37].

AO 72A
(Rev.8/82)

Plaintiff was disabled as of the amended onset date of November 28, 2012, relied at least in part on the Commissioner's determination that Plaintiff had severe impairments of PTSD, bipolar disorder, and history of mood disorder, [*id*. at 12], Plaintiff has not argued or proffered evidence that she suffered from a mental impairment at the time she received the Appeals Council's notice of adverse decision, nor has she argued or attempted to show evidence that a mental impairment hindered her ability to seek judicial review, [*see generally* Doc. 12].

For these reasons, the undersigned finds that Plaintiff has failed to carry her burden of showing that extraordinary circumstances are present that would justify the application of equitable tolling. Accordingly, it is hereby **RECOMMENDED** that the District Judge **GRANT** the Commissioner's motion to dismiss the complaint.

### III. *Conclusion*

For the reasons discussed above, the undersigned **RECOMMENDS** that the motion for an award of backpay and Title II benefits, [Doc. 2], be **DENIED** and that the motion to dismiss the complaint for failure to state a claim, [Doc. 11], be **GRANTED**.

The Clerk is **DIRECTED** to terminate reference to the undersigned Magistrate Judge.

11

**IT IS SO RECOMMENDED AND DIRECTED**, this 9th day of May, 2018.

ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/8
2)